881 So.2d 958 (2004)
Tony ROMNEY and Michelle Romney, Appellants
v.
Calvin Steve BARBETTA d/b/a Barbetta Heating & Air Conditioning, Appellee.
No. 2003-CA-01676-COA.
Court of Appeals of Mississippi.
September 7, 2004.
*959 Joseph Gerald Albe, attorney for appellants.
Calvin Steve Barbetta, appellee, pro se.
Before KING, C.J., LEE, P.J., and GRIFFIS, J.
KING, C.J., for the Court.
¶ 1. Tony and Michelle Romney filed a complaint against Calvin Barbetta for negligence, breach of contract, bad faith breach of contract, and/or fraud in the Circuit Court of Hancock County, Mississippi. The jury rendered a verdict in favor of the Romneys. The circuit court entered a judgment for the Romneys but denied their attorney's fees. An amended judgment later awarded attorney's fees to the Romneys. Subsequently, another order was entered denying such relief. Aggrieved, the Romneys appeal and raise the following issues which we quote verbatim:
I. Whether the trial court's order dated March 5, 2002 was error and void *960 because it was an untimely attempt by the court to modify the 2nd Amended Judgment rendered on July 12, 2000 and declared a final judgment on April 2, 2001.
II. Whether this court should render a Judgment determining the amount of attorney fees that are due to the Plaintiffs; or remand this case to the trial court to make that determination.

FACTS
¶ 2. On June 9, 1997, the Romneys filed a complaint against Barbetta for negligence, breach of contract, bad faith breach of contract, and/or fraud. Barbetta responded and filed a counterclaim for non-payment of his services.
¶ 3. On March 16, 2000, the jury rendered a verdict in favor of the Romneys. On March 24, 2000, the trial court entered its judgment which awarded damages to the Romneys in the amount of $13,500. At that time, attorney's fees and punitive damages were not awarded.
¶ 4. About April 3, 2000, the Romneys filed a motion for judgment notwithstanding the verdict or, in the alternative, a motion for a new trial on the issue of punitive damages. During this time, the Romneys also filed a motion for attorney's fees and a motion for pre-judgment interest and costs. Judge John H. Whitfield granted the motions with the exception of the motion for a new trial regarding punitive damages. The trial judge awarded an additur of $7,500 for punitive damages and indicated that if Barbetta did not accept the additur for punitive damages granted by the court, he would grant the motion for a new trial on the issue of punitive damages.
¶ 5. On April 5, 2000, Judge Whitfield entered an amended judgment which awarded the Romneys punitive damages in the amount of $7,500, in addition to the $13,500 actual damages, and attorney's fees which were to be determined by the court after a review of counsel's verified fee petition. Barbetta advised the court that he did not accept the punitive damages additur and objected to the requested attorney's fees. Barbetta filed a motion for JNOV or, in the alternative, a motion for a new trial. Thereafter, Judge Whitfield granted the Romneys a new trial on the issue of punitive damages and a bench trial on the issue of attorney's fees.
¶ 6. On June 20, 2000, a second amended judgment was filed which denied Barbetta's motion for JNOV or, in the alternative, a motion for a new trial.
¶ 7. On September 8, 2000, the Romneys filed a motion for expedited trial or, in the alternative, a motion to bifurcate trial of the punitive damages. This motion was heard by Judge Stephen B. Simpson. On April 2, 2001, Judge Simpson entered an order granting the motion to bifurcate trial of the punitive damages. The order also stated that the second amended judgment would be considered a final judgment.
¶ 8. On August 7, 2001, a new trial was held before Judge Kosta Vlahos on the issue of punitive damages and a bench trial on the issue of attorney's fees. The Romneys were awarded punitive damages of $150. Judge Vlahos denied any award for attorney's fees.
¶ 9. On March 18, 2002, the Romneys filed a motion for a new trial and/or, in the alternative, a motion to find order void. These motions were heard by Judge Vlahos on April 15, 2002. In his order dated July 14, 2003, denying the motions, Judge Vlahos stated that from September 26, 2001, until March 5, 2002, the Romneys asked the court to modify its judgment. Judge Vlahos stated that he asked counsel for the Romneys to submit an order regarding the award of punitive damages *961 and the court's ruling on attorney's fees. According to Judge Vlahos, an order was not submitted.
¶ 10. The Romneys indicated that they filed an application for extraordinary writ to the Mississippi Supreme Court, but did not state when it was filed. On July 14, 2003, the trial judge entered his order denying the motion for a new trial and/or, in the alternative, a motion to find order void. On August 4, 2003, the supreme court dismissed their writ application as being moot.
¶ 11. The Court of Appeals received the Romneys' appeal on the denial of attorney's fees. On November 3, 2003, a supplemented record was filed, which included the following one-page colloquy regarding attorney's fees:
BY THE COURT: The Court has reviewed the accountability act and reviewed the proof as made and is going to rely on the principle that the movant has the burden of persuasion beyond a reasonable doubt, and for me to try to glean through what is counterclaim and what is not it would be an abuse of discretion for me to do it, and the Court is going to deny any based on the fact that there's been a failure in the proof. That will be as to attorney's fees.
BY MR. ALBE: I just cite 
BY THE COURT: That 
BY MR. ALBE: Judge Whitfield did not require it.
BY THE COURT: I looked at the accountability act 
BY MR. ALBE: Yes.
BY THE COURT:  and the case law that pertains thereto and I have made my ruling. That will be the ruling of the court.
¶ 12. On May 5, 2004, this Court directed the trial court to submit specific findings of fact and conclusions of law regarding the denial of attorney's fees in this matter. On July 2, 2004, Judge Vlahos filed his order regarding the requested information and indicated that the transcript on the issue of attorney's fees would be included as a supplement to the record. On August 18, 2004, this Court received a copy of the transcript of the hearing on the issue of attorney's fees from the trial court.
¶ 13. Barbetta did not file a brief in response to the Romneys' appeal.

ISSUES AND ANALYSIS
¶ 14. Because issues I and II are interrelated, we have addressed them together.

I. & II.
Whether the trial court's order of March 5, 2002, was error and void because it was an untimely attempt by the court to modify the second amended judgment rendered on June 20, 2000 and declared a final judgment and whether this Court should determine the amount of attorney's fees due.
¶ 15. The Romneys claim that the trial court's order of March 5, 2002, improperly modified the judgment dated June 20, 2000, granting them attorney's fees by subsequently denying an award of these fees.
¶ 16. On March 16, 2000, a jury verdict was rendered where the Romneys were granted a judgment for actual damages against Barbetta, but no punitive damages or attorney's fees were awarded. In response to a posttrial motion by the Romneys, Judge Whitfield proposed an additur of $7,500 in punitive damages conditioned upon the agreement of Barbetta. Judge Whitfield also determined that Barbetta's frivolous counterclaim justified an award of attorney's fees. Judge Whitfield determined *962 that attorney's fees were appropriate with the specific award to be made conditioned upon evidence of the attorney's fees incurred.
¶ 17. Barbetta declined to accept the additur of punitive damages and Judge Whitfield thereafter submitted the issue of punitive damages to a jury.
¶ 18. Judge Whitfield resigned and was replaced by Judge Stephen Simpson. On April 2, 2001, Judge Simpson entered the following order:
This cause having come before the Court on the Motion to BIFURCATE TRIAL OF THE PUNITIVE DAMAGES; and, the Court finds that the motion is well taken and should be sustained. It is therefore:
ORDERED AND ADJUDGED that the remainder of the trial to determine the amount of punitive damages is bifurcated from all other matters that have been decided by this court.
IT IS FURTHER ORDERED that prior 2nd Amended Judgment signed by this court on June 12, 2000 in this matter is a final judgment.
¶ 19. Judge Simpson did not take any further action in this matter. Thereafter, Judge Kosta Vlahos undertook the handling of this case. On August 7, 2001, Judge Vlahos conducted a trial on the issue of punitive damages. The jury awarded $150 to the Romneys for punitive damages. The Romneys' attorney, in accordance with the instruction of Judge Whitfield, had filed an affidavit as to the requested attorney's fees. On August 9, 2001, Judge Vlahos held a hearing on this request. During the course of the hearing, Judge Vlahos asked the Romneys' attorney to distinguish between the time spent in defense of Barbetta's counterclaim and that time spent in preparation for the presentation of the Romneys' case-in-chief. The Romneys' attorney responded that he was of the opinion that it was all one and the same and therefore he could not set out separately the time spent in defense of a counterclaim and the time spent on the Romneys' case-in-chief. Based upon the failure to separate these items, Judge Vlahos declined to award any attorney's fees to the Romneys. The Romneys now claim that the failure to award any attorney's fees was in fact an untimely effort to modify what had been declared a final judgment on April 2, 2001 by Judge Simpson.
¶ 20. The trial court determined that the counterclaim filed by Barbetta provided appropriate justification of an award of attorney's fees pursuant to Mississippi Code Annotated 11-55-5(1) (Supp.1998). However, the court also determined that the award of attorney's fees would be made only after the presentation of proper proof of attorney's fees had occurred. While the court may find a case appropriate for the award of attorney's fees, the actual award of attorney's fees is still dependent upon specific proof. A & F Properties, LLC v. Lake Caroline, Inc., 775 So.2d 1276(¶ 22) (Miss.Ct.App.2000). When a party fails to present competent evidence to determine attorney's fees, the award may be denied. Id. The abuse of discretion standard applies regarding the award of attorney's fees, and such awards must be supported by credible evidence. Mississippi Power & Light Co. v. Cook, 832 So.2d 474(¶ 39) (Miss.2002). That proof to be considered by the court in the award of attorney's fees is as follows:
In determining an appropriate amount of attorneys fees, a sum sufficient to secure one competent attorney is the criterion by which we are directed. Rees v. Rees, 188 Miss. 256, 194 So. 750 (1940). The fee depends on consideration of, in addition to the relative financial *963 ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.
McKee v. McKee, 418 So.2d 764, 767 (Miss.1982). These factors are also set forth in Rule 1.5 of the Mississippi Rules of Professional Conduct.
¶ 21. The trial court concluded that despite finding an entitlement to attorney's fees, the Romneys did not offer sufficient proof upon which to make an actual award of attorney's fees.
¶ 22. Because there must be a rational basis upon which any award of attorney's fees is made, this Court cannot say that the decision not to enter an actual award was error. Likewise, we find that the trial court's determination that there was insufficient proof upon which to enter an actual award of attorney's fees was not a modification of a final judgment.
¶ 23. Accordingly, this Court finds no merit in the issues set forth in the Romneys' appeal.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY IS AFFIRMED. ALL COSTS OF THE APPEAL ARE TAXED TO THE APPELLANTS.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, AND BARNES JJ., CONCUR.