CARLTON, J.,
dissenting:
¶ 18. I respectfully dissent from the opinion of the majority. Procedural history and facts relevant to this case and my dissent show that Robert Michael Fulton filed suit against Mississippi Farm Bureau Casualty Insurance Company (Farm Bureau) and a third-party tortfeasor, Lofton Eugene Pigg Jr. (Pigg). Fulton received injuries to his back after being struck by an automobile driven by Pigg at the Little Yazoo Dirt Race Track. Pigg, intoxicated at the time of the collision, informed the investigating officer that he lacked automobile insurance. Fulton delayed notifying Farm Bureau about the collision for over six months. When Fulton tendered a claim for uninsured-motorist benefits to Farm Bureau, Farm Bureau paid him $25,502.50 of the total amount available, $50,500.[1] One month after providing Farm Bureau notice of the claim, Fulton filed suit against Farm Bureau to recover his uninsured-motorist benefits and filed *336 suit against Pigg and Little Yazoo Dirt Race Track.
¶ 19. Fulton’s complaint against Farm Bureau alleged the following: breach of contractual duty to pay insurance proceeds; gross negligence in breaching a duty to investigate, process, and pay Fulton’s claim; and bad-faith refusal to pay, asserting that Farm Bureau possessed no arguable justifiable basis for delay.
¶ 20. The final judgment, agreed as to form by the attorneys, reflects that the jury found no breach of contract by Farm Bureau in failing to pay Fulton, but it shows that the jury found Farm Bureau negligent in failing to investigate Fulton’s uninsured-motorist claim timely and adequately and in delaying the payment of his claim. The agreed final judgment further reflects that upon finding Farm Bureau negligent, the jury then awarded Fulton $10,000 in extra-contractual damages for that negligence. However, the final judgment does not reflect that the jury found that Farm Bureau acted with gross negligence or reckless disregard. The final judgment does reflect, though, that as to Fulton’s claim for bad faith and punitive damages, the jury found in favor of Farm Bureau.
¶21. The final judgment also reflects that the jury found Pigg to be 100% at fault and the proximate cause of the accident in question. The jury awarded $24,497.50 to Fulton for compensatory damages due to Pigg’s alleged negligence. The final judgment concluded by ordering that Fulton recover from Farm Bureau the total sum of $34,497.50, with post-judgment interest at the rate of 6% per annum. The court also ordered that Farm Bureau was to recover the sum of $65,000, plus post-judgment interest, from Pigg. The final judgment is signed by counsel for both parties as to form, as well as the circuit judge, and is dated April 17, 2009.
¶22. Then, on April 28, 2009, Fulton filed a post-trial motion for an award of attorney’s fees, expenses, costs, and prejudgment interest. Fulton acknowledged in his post-trial motion that a judgment agreed to as form based on the jury verdict was presented to the circuit court, and then Fulton requested to amend that judgment to add attorney’s fees, costs, and prejudgement interest. Fulton asked the trial court for $120,773 in attorney’s fees and asserted that these fees represented 484.8 hours of attorney and paralegal time and expenses amounting to $13,749.97.
¶23. In Fulton’s post-trial motion to amend, he asserts the jury’s finding of negligence in the delay in investigation and payment as the basis for his request for attorney’s fees to be awarded by the judge as judgment derivative upon post-trial motion. Fulton’s counsel acknowledged in the motion that they engaged in a contingent-fee arrangement with Fulton but now wanted an award at a higher rate for the hours spent on the case, or a multiplier of their lodestar time. Farm Bureau filed a brief in opposition to Fulton’s request to amend the judgment. After a hearing on Fulton’s motion, the circuit court denied the motion on procedural grounds, holding that a post-judgment motion for attorney’s fees mandates a showing of the requirements of Mississippi Rule of Civil Procedure 59(e), and Fulton had failed to present any of the three alternative grounds for a Rule 59(e) motion as set forth by Brooks v. Roberts, 882 So.2d 229, 233 (¶¶ 15-16) (Miss.2004). As his sole assignment of error on appeal, Fulton asks this Court to determine whether the circuit court erred in denying his motion to amend the judgment based upon the trial court’s judgment that the motion constituted a motion made pursuant to Rule 59(e). Fulton argues that his motion lies outside of Rule 59(e), and he asserts the award is a *337 collateral award that does not seek to change the judgment but merely awards what is due because of the judgment.
¶ 24. Upon review of the issues and record submitted on appeal, I respectfully submit that I find no abuse of discretion in the circuit judge’s treatment of Fulton’s post-trial motion to amend the judgment to award attorney’s fees as a motion under Rule 59(e). After a review of the record before us, I find that the record provides no support in this case to award attorney’s fees collaterally as judgment derivative since the jury found Farm Bureau merely negligent in delay and investigation. The circuit judge would have to reconsider the award of extra-contractual damages awarded to Fulton by the jury for negligent delay in investigation and payment in order to award Fulton attorney’s fees since no basis exists in our jurisprudence to award attorney’s fees as judgment derivative in cases of mere negligence. Compare F.R.C.P. 54(d). Fulton plead actual economic damages, including attorney’s fees, as an element of damages resulting from Farm Bureau’s delay in payment and investigation. While the jury failed to find gross negligence as pled by Fulton, the jury found only negligence and awarded him $10,000 in extra-contractual damages for that tort. Fulton does not raise on appeal any error as to the award of extra-contractual damages, and the record reflects no request for an additur by Fulton.
¶ 25. The Mississippi Supreme Court has established that if a party seeks to alter or amend a final judgment, the proceedings fall under the purview of Rule 59(e), requiring the movant to show the following: (i) an intervening change in controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law or to prevent manifest injustice. Brooks, 882 So.2d at 238 (¶¶ 15-16); Bang v. Pittman, 749 So.2d 47, 52-53 (¶29) (Miss.1999) (overruled on other grounds). This Court reviews a trial court’s denial of a Rule 59 motion under an abuse-of-discretion standard. Bang, 749 So.2d at 52 (¶ 28).[2]
¶ 26. Fulton argues that the circuit court should not have applied the requirements of Rule 59(e) to his motion to amend the judgment, claiming that an award of attorney’s fees is judgment derivative and based upon the jury verdict and thus fails to require the court to reconsider a judgment. Fulton claims that attorney’s fees are not for a jury to determine. Fulton cites numerous cases[3] to support his claim asserting that the circuit court may consider a motion for attorney’s fees after the entry of a final judgment without the necessity of the movant showing any of the three circumstances required by Rule 59(e).
¶ 27. I agree that cases exist wherein attorney’s fees are indeed judgment derivative,[4] thereby allowing a trial court to award attorney’s fees collaterally post-trial without considering the circumstances set forth in Rule 59(e) and also without necessity of proof to prove such as an element of *338 damages. Attorney’s fees are awarded as judgment derivative[5] when authorized by a contract, a statute, or upon the award of punitive damages or upon finding of intentional misconduct rising above simple negligence.[6] See generally 4 Miss. Practice Series, Encyclopedia of Miss. Law, § 25:10.[7] In comparison, the Federal Rule of Civil Procedure 54(d)(2)(B) also reflects the general rule that attorney’s fees are not awarded as part of costs unless authorized by statute, authorized by the Federal Rules of Civil Procedure, or by a court order stating otherwise. See Alyeska Pipeline Serv. Co. v. Wilderness Soc’y, 421 U.S. 240, 254-57, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Federal Rule of Civil Procedure 54(d) further clarifies that a claim for attorney’s fees must be made by motion unless the substantive law requires that those fees must be proved at trial as an element of damages.
¶ 28. When attorney’s fees are awarded as an element of damages for reasonably foreseeable actual economic extra-contractual damages resulting from a tort,[8] then *339 such damages must be pled and proved. A review of the agreed judgment in this case reflects that the jury awarded extra-contractual damages resulting from Farm Bureau’s negligence in its delay of the investigation and payment. Windmon v. Marshall, 926 So.2d 867, 874-75 (¶32) (Miss.2006) (Negligence is insufficient to support a collateral claim for extra-contractual damages); Andrew Jackson Life Ins. Co. v. Williams, 566 So.2d 1172, 1186 n. 13 (Miss.1990). (The supreme court held that upon presentation of sufficient proof, consequential or extra-contractual damages, e.g., reasonable attorney’s fees, court costs, and other economic losses, may be awarded in cases involving a lack of a reasonably arguable basis, notwithstanding that the insurer is not liable for punitive damages); Pioneer Life Ins. Co. of Ill. v. Moss, 513 So.2d 927, 931 (Miss.1987) (Robertson, J., concurring) (Justice Robertson explained that reasonably foreseeable actual economic damages such as attorney’s fees resulting from tortious conduct must be pled and proven.). Interestingly, Fulton asserts that attorney’s fees are a matter only for the judge, and not the jury, to consider, yet his complaint nonetheless pled attorney’s fees as an element of actual economic damages that foreseeably resulted from the negligence of Farm Bureau in its delay in payment and investigation.[9] In contrast to Fulton’s argument, Mississippi precedent fails to support an award of attorney’s fees as judgment derivative based upon mere negligence and requires some conduct rising above mere negligence to the level of an intention tort or intentional wrongdoing. See Universal Life Ins. Co. v. Veasley, 610 So.2d 290, 295 (Miss.1992).
¶ 29. The recent precedent of United Services Automobile Association v. Lisanby, 47 So.3d 1172, 1178 (¶ 18) (Miss.2010), finds that:
Extra[-]contractual damages, such as awards for emotional distress and attorneys’ fees, are not warranted where the insurer can demonstrate “an arguable, good-faith basis for denial of a claim.” United Amer. Ins. Co. v. Merrill, 978 So.2d 613, 627 (citing State Farm Ins. Co. v. Grimes, 722 So.2d 637 (Miss.1998); Standard Life Ins. Co. v. Veal, 354 So.2d 239 (Miss.1977)). This Court has said that the “plaintiff bears a heavy burden” of proving that the denial of an insurance claim was in bad faith. Windmon v. Marshall, 926 So.2d 867, 872 (Miss.2006) (citing Blue Cross & Blue Shield v. Campbell, 466 So.2d 833, 844 (Miss.1984)). Moreover,
The plaintiffs burden in proving a claim for bad[-]faith refusal goes beyond proving mere negligence in performing the investigation. The level of negligence in conducting the investigation must be such that a proper investigation by the insurer would *340 easily adduce evidence showing its defenses to be without merit.
Id. (quoting Liberty Mut. Ins. Co. v. McKneely, 862 So.2d 530, 534 (Miss.2003)).
¶30. The Mississippi Supreme Court has determined that in the absence of statutory authority or a contractual provision, attorney’s fees cannot be recovered unless the facts rise to such gross or willful wrong as to justify the infliction of punitive damages. See Cook, 832 So.2d at 486 (¶ 40); Simpson, 477 So.2d at 253; see also Bank of Miss., 850 So.2d at 137 (¶ 39) (generally, absent a statute allowing such an award, attorney’s fees and costs are not awarded unless punitive damages are awarded). Ascertaining whether statutory authority exists for a collateral award of attorney’s fees herein, the Mississippi Code provides no statutory authority for an award of attorney’s fees in uninsured-motorist-insurance cases absent punitive damages. See Miss.Code Ann. § 83 — 11— 103 (Supp.2010).
¶ 31. The agreed judgment reflects that the jury found Farm Bureau was negligent in that respect. Then, this interrogatory inquired: “If you answer ‘YES’ to the this question, what amount of extra-contractual damages do you award Fulton against Farm Bureau?” Underneath this question, the jury awarded Fulton $10,000 in extra-contractual damages.[10]
¶ 32. Fulton cites Veasley, 610 So.2d at 295, arguing that a narrow exception to this rule exists in limited circumstances to allow for an award of attorney’s fees even where the jury failed to award punitive damages. As clarified in Wise v. Kansas City Life Insurance Co., 433 F.Supp.2d 743, 753 (N.D.Miss.2006), “[t]he Veasley exception applies in bad[-]faith insurance cases where the defendant insurer lacked an arguable basis for denying a claim and failed to pay the claim; in such cases, an award of attorneys’ fees to a prevailing plaintiff may be appropriate even if the fact-finder did not award punitive damages.” See Veasley, 610 So.2d at 295.
¶ 33. Veasley provides specifically that mere negligence is not such an independent, intentional tort that would support such extra-contractual damages. Veasley, 610 So.2d at 295. In this case, as previously discussed, the jury determined Farm Bureau’s actions constituted only negligence, and the judgment reflects no finding of any intentional or malicious act or any act of reckless disregard rising above mere negligence;[11] thus, this case does not fall within the Veasley exception. A review of the law indeed supports the conclusion that a finding of only negligence by the jury fails to provide a sufficient basis award attorney’s fees as judgment derivative.[12] See Wise, 433 F.Supp.2d at 753.
*341 ¶ 34. With respect to a arguable basis for its delay, Farm Bureau submits that the evidence in the record of Fulton’s delay in providing notice to Farm Bureau of his claim arising from the collision, coupled with the hastily filed suit one month later, provided Farm Bureau with sufficient evidence to show an arguable basis[13] factually existed for delaying payment due to its need to investigate the delinquently filed claim.[14] Farm Bureau further argues that the jury found nothing more than simple negligence and found no bad faith, no breach of its insurance contract, and no breach of its duty to pay.
¶ 35. In addition to acknowledging Farm Bureau’s factual arguable basis, I submit that precedent clearly requires more than simple negligence for attorney’s fees to be awarded as judgment derivative. Veasley, 610 So.2d at 295. The agreed judgment herein reflects that Fulton failed to prove that Farm Bureau’s actions constituted more than simple negligence, and as a result, Fulton failed to establish a legal basis for an award of attorney’s fees as judgment derivative in this case. The appellant bears the responsibility to designate the portions of the record necessary to the understanding of his issues on appeal,[15] and Fulton failed to provide a record to support a finding of abuse of discretion by the circuit judge.[16] I respectfully submit a review of this case on appeal shows no abuse of discretion in the circuit court’s treatment of Fulton’s post-trial motion to amend the judgment as a Rule 59(e) motion.
BARNES, J., JOINS THIS OPINION IN PART.

. According to Fulton’s brief, he claims that Farm Bureau refused to pay his uninsured-motorist policy until a lawsuit was filed. However, Farm Bureau alleges that Fulton failed to notify Farm Bureau about his decision to pursue an uninsured-motorists claim for over six months after the collision. Farm Bureau claims that it was still investigating the claim when Fulton filed his lawsuit on January 10, 2008.

. See also Briney v. U.S. Fidelity & Guar. Co., 714 So.2d 962, 966 (¶ 13) (Miss.1998) (A trial court’s denial of a Mississippi Rule of Civil Procedure 60 motion is also reviewed under an abuse-of-discretion standard.).

. Shipley v. Ferguson, 638 So.2d 1295, 1299 (Miss.1994); Gordon v. Gordon, 929 So.2d 981, 986-87 (¶¶ 24-28) (Miss.Ct.App.2006); Romney v. Barbetta, 881 So.2d 958, 962-63 (¶¶ 20-23) (Miss.Ct.App.2004); Prescott v. Prescott, 736 So.2d 409, 415-16 (¶¶ 25-32) (Miss.Ct.App.1999).

.Miss. Power & Light Co. v. Cook, 832 So.2d 474, 486 (¶ 40) (Miss.2002); State Farm Fire and Cas. Co. v. Simpson, 477 So.2d 242, 253 (Miss.1985). See also Bank of Miss. v. Miss. Life and Health Ins. Guar., 850 So.2d 127, 137 (¶ 39) (Miss.Ct.App.2003).

. The comment to Mississippi Rule of Civil Procedure 54(d) acknowledges that expenses include all expenditures actually made by a litigant in connection with the action and explains that both fees and costs are included in the term "expenses.” The comment continues to explain that fees normally refer to filing fees, and the comment reflects that an award of "costs” by a judge normally includes the reimbursement for such filing fees paid by the party in whose favor the cost award is made. However, the comment also provides that absent judicial discretion, such items constituting actual expenses, such as attorney’s fees, fail to qualify as statutory fees or reimbursable costs and normally must be borne by the litigants. As previously stated, a review of Mississippi law reflects that a judge possesses the discretion to make a collateral award of the expense of attorney’s fees in cases where punitive damages are awarded, where intentional misconduct rising above simple negligence exists, or where authorized by contract or statute. Under the federal rules, Federal Rule of Civil Procedure 54(d)(2)(B) reflects the general rule that attorney's fees are not awarded as part of costs unless authorized by statute, by the Federal Rules of Civil Procedure, or by a court order stating otherwise. See Alyeska Pipeline Serv. Co. v. Wilderness Soc’y, 421 U.S. 240, 254-57, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Federal Rule of Civil Procedure 54(d) clarifies that a claim for attorney’s fees must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

. The majority raises the cases of Bruce v. Bruce, 587 So.2d 898, 903 (Miss.1991) and Cruse v. Nunley, 699 So.2d 941, 946 (¶ 18) (Miss. 1997), both of which allowed the trial court to make a collateral award attorney's fees as judgment derivative. However, we note that in both cases, attorney's fees were authorized by statute or established past precedent such as divorce actions based upon financial need. See Dillon v. Dillon, 498 So.2d 328, 331 (Miss.1986) (The Mississippi Supreme Court stated that the broad scope of Mississippi Code Annotated section 93-5-23 (Supp.1979) grants chancellors the authority to award attorney's fees in divorce proceedings.).

. In Grisham v. Hinton, 490 So.2d 1201, 1205-08 (Miss.1986), the supreme court determined that in punitive-damages cases, attorney's fees were awarded collaterally with tire award of costs and expenses by the trial judge due to misconduct of a party, but the court also noted that attorney's fees could also be awarded as an element of actual damages if proven. The Grisham court reviewed jurisprudence and explained that attorney's fees are not awarded in cases absent a finding of wrong doing because, historically, our jurisprudence refused to consider filing or defending a case as “wrong doing,” and hence some intentional misconduct was required to support such an award. The Grisham court explained that our judicial system sought to ensure access to the courts and justice without financial barriers.

. Duggins v. Guardianship of Washington Through Huntley, 632 So.2d 420, 431 (Miss.1993) (The Mississippi Supreme Court cited and embraced its early comment in Andrew Jackson Life Ins. Co., 566 So.2d at 1186 n. 13.); Cont’l Cas. Co. v. Garrett, 173 Miss. 676, *339 161 So. 753, 755 (1935) (recognizing recovery under common law for tort damages that are proven to be reasonably foreseeable damages of one’s tortious acts).

. I note that the record on appeal fails to contain the instructions to the jury reflecting how damages were defined. Mississippi Rule of Appellate Procedure 10(b) states that the appellant bears the responsibility to provide the record on appeal to support his argument. I also note that Fulton pled attorney’s fees as actual economic extra-contractual damages for gross negligence due to the delay in the investigation and payment of his uninsured-motorist claim, and then he was awarded extra-contractual damages for simple negligence in Farm Bureau's delay. Fulton has raised no error on appeal as to the sufficiency of this award. Fulton's motion herein would require the circuit judge to reconsider the judgment with respect to the sufficiency of the extra-contractual damages awarded by the jury as an element of those damages.

. In Stewart v. Gulf Guaranty Life Insurance Co., 846 So.2d 192, 201 (¶ 36) (Miss.2002), in a general-verdict case, the Mississippi Supreme Court explained that without a finding, the court cannot assume the jury found conduct rising to the level of an intentional tort, amounting to gross negligence or recklessness, thus warranting extra-contractual damages. In the case before us, the judgment signed by both parties as to form and the circuit judge specifies that the jury found only negligence.

. A review of the record herein reflects that Fulton waited six months after the injury to notify Farm Bureau of the claim, and Fulton then filed suit against Farm Bureau only two months after providing delinquent notice of his claim.

.In his treatise on attorneys’ fees, Robert Rossi states that:
As a general rule, and in the absence of any contractual or statutory provision therefore, each party in litigation must pay his or her own attorney’s fees, and attorney’s fees and expenses of litigation incurred by the plaintiff, or which the plaintiff is obligated to pay, in the litigation of the party's claim against the defendant, are *341 not recoverable as an item of damages, either in a contract action or a tort action.
The reasons for this rule, it has been said, are that these expenses are not the legitimate consequences of the tort or breach of contract complained of; that to allow these expenses to the plaintiff which are never allowed to a successful defendant would give the former an unfair advantage in the contest; and that where the statute provides that the successful party may be allowed certain sums, termed "costs,” by way of indemnity, for his expenses in the action, it is not in the power of courts or juries to increase the allowance fixed by statute, however inadequate that allowance may be.
1 Robert L. Rossi, Attorneys’ Fees § 8:1 (3d ed.)

.See Aetna Cas. and Sur. Co. v. Day, 487 So.2d 830, 832-35 (Miss.1986) (finding no punitive-damages instruction should have been given in suit against an insurance carrier for intentional refusal to pay a claim because of a factual dispute regarding time of notice of claim, thus providing an arguable basis for the delay).

. In determining what constitutes an arguable reason for delaying payment of an insurance claim, we find this requirement is illustrated in past cases: Gregory v. Cont’l Ins. Co., 575 So.2d 534, 541-42 (Miss.1990); Cossitt v. Federated Guar. Mut. Ins. Co., 541 So.2d 436, 443 (Miss.1989); Moss, 513 So.2d 927; State Farm Fire & Cas. Co. v. Simpson, 477 So.2d 242, 250 (Miss.1985); Blue Cross & Blue Shield of Miss. v. Campbell, 466 So.2d 833, 840 (Miss.1984); Sobley v. S. Natural Gas Co., 210 F.3d 561, 564-65 (5th Cir.2000).

. See M.R.A.P. 10, 11(a), and 30.

. Fulton, as the appellant, provided this court with the agreed judgment but did not provide this reviewing court with a copy of the jury instructions or the portions of the record containing the testimony at trial.