STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1311

STATE OF LOUISIANA

VERSUS

JAMEY L. EVERETT

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH  JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-2010-888
HONORABLE C. KERRY ANDERSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters, and J. David Painter, Judges.

AFFIRMED AND REMANDED
WITH INSTRUCTIONS

Edward K. Bauman
Louisiana Appellate Project
P.O. Box 1641
Lake Charles, LA 70602
Counsel for Defendant-Appellant:
    Jamey L. Everett

David W. Burton
District Attorney
P.O. Box 99
DeRidder, LA  70634
Counsel for Appellee:
    State of Louisiana

**PAINTER, Judge**

Defendant, Jamey L. Everett, appeals his conviction for distribution of hydrocodone based on failure to grant his motion to suppress certain evidence. For the following reasons, we affirm the conviction but remand the matter to the trial court with instructions to correct the sentencing minutes.

**FACTS**

Defendant sold ten hydrocodone tablets to a cooperating witness in the presence of an undercover police officer. He was charged, on November 9, 2010, with one count of distributing hydrocodone, one count of possessing hydrocodone with intent to distribute, one count of distributing carisoprodal, and one count of possessing alprazolam. The defense filed a motion to suppress evidence on February 16, 2011. Ten days after the hearing on the motion, the trial court denied the motion and issued written reasons.

After two days of jury selection for his trial, Defendant entered a plea agreement reserving the right to appeal the ruling on the motion to suppress. He pled no contest to distribution of hydrocodone, and the State dropped the remaining charges as well as unrelated charges of unauthorized entry into an inhabited dwelling and aggravated assault. The State further noted for the record that it would not pursue child pornography charges which gave rise to the information that resulted in Defendant being investigated for drug related violations.

The trial court accepted the plea and sentenced Defendant to serve five years at hard labor with credit for time served and ordered him to pay court costs plus $300.00 for the costs of prosecution.

## DISCUSSION

<u>Errors Patent</u>

This court reviews all appeals for errors patent on the face of the record. We find none. However, the minutes of sentencing are in need of correction.

The minutes state that Defendant must "pay cost of court and $300.00 for cost of prosecution." The sentencing transcript contains no reference to the $300.00 sum. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Accordingly, the matter is remanded and the trial court is instructed to correct the sentencing minutes to delete the provision referring to the sum of $300.00.

<u>Motion to Suppress</u>

Defendant asserts that the trial court erred in failing to grant his motion to suppress evidence. He contends that an unlawful search of his phone was made and that all evidence seized as a result of that search should be suppressed. He argues that the information provided by Officer Reese Martin in the search warrant affidavit was stale, inaccurate, and failed to state probable cause, and that the warrant was signed by a judge who had previously represented him.

The proper standard of review for examining mixed questions of fact and law on a motion to suppress is abuse of discretion:

> When a trial court rules on a defendant's motion to suppress, the appellate court must look at the totality of the evidence presented at the hearing on the motion to suppress. The appellate court should not overturn a trial court's ruling, unless the trial court's conclusions are not supported by the

evidence, or there exists an internal inconsistency in the testimony of the witnesses, or there was a palpable or obvious abuse of discretion.

*State v. Bargeman*, 98-617, p. 5 (La.App. 3 Cir. 10/28/98), 721 So.2d 964, 967, *writ denied*, 99-33 (La. 5/28/99), 743 So.2d 658.

The defendant bears the burden of proving the inadmissibility of evidence seized with a warrant. La.Code Crim.P. art. 703(D).

1) *Staleness*

Defendant asserts that the information in the warrant affidavit was stale because he was in jail and because his cell phone was in the custody of the jail property room at the time Tyree Rhodes, an associate of Defendant, told Officer Martin that Defendant sent him media texts of Defendant having sex with young boys and that Defendant often showed him sexually explicit or nude images of young boys on Defendant's cell phone. Further, Defendant argues that the warrant affidavit made no indication of when the activity was supposed to have occurred. Defendant asserts that Mr. Rhodes did not provide the officer with a time frame for the alleged activity.

In *State v. Friday*, 10-2309, pp. 9-10 (La.App. 1 Cir. 6/17/11), 73 So.3d 913, 922 (citations omitted), a case in which the defendant entered a *Crosby* plea to 300 counts of child pornography and was convicted by jury of aggravated and attempted forcible rape of juvenile victims, the trial court found that the information was not stale, noting that:

> [T]here is nothing revelatory about the notion that a collector of child pornography will maintain his collection for years. This idea is arguably part of the field of common knowledge. Courts over the years have consistently found that collectors of child pornography do not quickly dispose of their cache and, in fact, rarely if ever dispose of such material. As such, even a substantial delay between the distribution of child pornography and the issuance of a search warrant does not render the underlying information stale. This is so because the possession

3

of child pornography is a crime that is ongoing and continuing in nature.

In light of the finding in *Friday*, Mr. Rhodes' information that Defendant frequently sent him media texts containing child pornography and that Defendant used his own cell phone to show Mr. Rhodes child pornography was not stale. Officer Martin had personal knowledge that Mr. Rhodes was a longtime close friend and confidante of Defendant. Moreover, Mr. Rhodes gave his statement on September 20, 2010; Officer Martin applied for and received a search warrant on September 21, 2010, and Officer Martin seized the cell phone on September 22, 2010. Therefore, Officer Martin promptly acted on the information Mr. Rhodes provided. Accordingly, Defendant's assertion that the search warrant was based upon stale information is without merit.

2) *Informant reliability*

Defendant argues that the search warrant was invalid because it failed to show Mr. Rhodes' reliability and because it failed to show that Officer Martin independently corroborated Mr. Rhodes's information before filing the search warrant application. Defendant alleges that Officer Martin could not recall whether Mr. Rhodes was in jail at the time he provided the information leading to the search of Defendant's phone. However, Officer Martin believed that Mr. Rhodes went to the police department and gave the information to officers there. Defendant points out that Mr. Rhodes was a convicted felon as well as a known methamphetamine user and seller. During that time, Mr. Rhodes was being investigated in connection with the burglary of Defendant's home. Defendant was incarcerated for an aggravated assault charge arising from an incident when Defendant threw a

brick at Mr. Rhodes. Defendant asserts that, though Officer Martin testified that he informed the judge signing the warrant about the contentious relationship, the information was left out of the warrant affidavit.

Defendant urges that Officer Martin should not have believed Mr. Rhodes because of his contentious relationship with Defendant. Defendant points out that Mr. Rhodes was not a known confidential informant and that there was no information in the warrant affidavit showing Mr. Rhodes had a history of supplying reliable information to law enforcement. Defendant argues that Mr. Rhodes was a convicted felon with "an ax to grind." Defendant asserts that because Mr. Rhodes was biased, the judge should have required the information to be corroborated before it issued a search warrant for Defendant's phone. Defendant alleges that the search of his phone did not reveal any child pornography. However, it did result in Defendant being arrested on drug charges. Defendant insists that there was no probable cause upon which to issue a search warrant because the information in the search warrant application was not sufficiently reliable.

Unlike information provided by confidential informants, named witnesses are presumed to be credible:

> While anyone who gives information to the police may be called an "informant," a distinction may be drawn between an anonymous tipster and a citizen who witnesses or is the victim of criminal conduct and reports to police as a matter of civic duty. When the informant is an anonymous person, it is critical that there be some specific showing that he is a credible person and that his information is reliable. In contrast, citizen informant reports based on firsthand knowledge carry a high indicia of credibility. The citizen informer is a presumptively inherently credible source.

*State v. Brown*, 09-2456, pp. 6-7 (La. 5/11/10), 35 So.3d 1069, 1073 (citations omitted).

5

As discussed in *Brown*, Mr. Rhodes was acting as a named citizen informant. Therefore, Mr. Rhodes' information was presumed to be credible and required no independent verification of the details contained in his statement. Moreover, other than their personal and legal conflicts, Defendant introduced no evidence to dispute Mr. Rhode's credibility.

As far as Officer Martin's credibility was concerned, Defendant also failed to meet his burden of proof. Officer Martin stated that he believed Mr. Rhodes because he had personal knowledge of the close relationship which existed between Defendant and Mr. Rhode for the decade prior to their dispute and because law enforcement had already discovered child pornography on computers used by Defendant. Officer Martin further testified that law enforcement often benefits from schisms between parties when they are involved in criminal activity. Defendant offered no evidence that Officer Martin was not telling the truth.

Accordingly, Defendant's allegation that the search warrant should have been suppressed because it failed to show Mr. Rhodes' credibility is without merit.

3) *Neutral and detached magistrate.*

Defendant contends that the search warrant was invalid because it was not signed by a neutral and detached magistrate. Defendant asserts that Judge Martha O'Neal signed the search warrant in the instant case. Defendant adds that Judge O'Neal previously represented Defendant and his family in her capacity as an attorney. Defendant states that, in a prior criminal case, Judge O'Neal recused herself from presiding over Defendant's case "based on that representation and information learned relating to mover during her office's prior representation[.]" Defendant

6

posits, therefore, that Judge O'Neal was not acting as a neutral and detached magistrate in the instant matter.

At the suppression hearing, Defendant introduced evidence showing that Judge O'Neal recused herself from presiding over a different criminal matter against Defendant because of information learned through her prior representation of Defendant. However, Defendant introduced no other evidence to support a finding that Judge O'Neal could not act as a neutral and detached magistrate. Defendant failed to introduce evidence concerning the nature of the prior representation, the allegations of the other criminal proceeding, or what information Judge O'Neal was privy to that would have prevented her from acting as a neutral and detached magistrate in the instant matter. Therefore, Defendant failed to meet his burden of proving that Judge O'Neal was not acting as a neutral and detached magistrate in signing the search warrant, and this assignment of error is without merit. La.Code Crim.P. art. 701(D).

4) *Probable cause.*

Defendant contends that no probable cause was set out in the warrant application because Officer Martin failed to corroborate Mr. Rhodes' allegations; and because Mr. Rhodes did not support his allegations by providing law enforcement with copies of some of the text messages, failed to state a time frame for those messages, and did not testify at the suppression hearing; and because no child pornography was found on Defendant's cell phone.

The first circuit discussed the factors pertinent for reviewing claims that a search warrant application failed to state probable cause, as follows:

7

Article 1, § 5 of the Louisiana Constitution requires that a search warrant issue only upon an affidavit establishing probable cause to the satisfaction of an impartial magistrate. *See also* La.Code Crim. P. art. 162. Probable cause exists when the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. *State v. Johnson*, 408 So.2d 1280, 1283 (La.1982). The facts establishing the existence of probable cause for the warrant must be contained within the four corners of the affidavit. *State v. Duncan*, 420 So.2d 1105, 1108 (La.1982); *State v. Green*, 2002-1022, pp. 6-7 (La.12/4/02), 831 So.2d 962, 968.

An issuing magistrate must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, there is a "fair probability" that evidence of a crime will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *State v. Byrd*, 568 So.2d 554, 559 (La.1990). The process of determining probable cause for the issuance of a search warrant does not involve certainties or proof beyond a reasonable doubt, or even a prima facie showing, but rather involves probabilities of human behavior, as understood by persons trained in law enforcement and as based on the totality of circumstances. The process simply requires that enough information be presented to the issuing magistrate to enable him to determine that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal justice system. *See State v. Rodrigue*, 437 So.2d 830, 832-33 (La.1983).

The review of a magistrate's determination of probable cause prior to issuing a warrant is entitled to significant deference by reviewing courts. "[A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review." *Gates*, 462 U.S. at 236, 103 S.Ct. at 2331. Further, because of "the preference to be accorded to warrants," marginal cases should be resolved in favor of a finding that the issuing magistrate's judgment was reasonable. *United States v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).

*Friday*, 73 So.3d at 920.

Defendant does not actually allege that the contents of the warrant affidavit failed to establish probable cause. Instead, he reiterates his arguments that the information contained therein was stale and that the

named informant was unreliable because Officer Martin failed to treat him as a confidential informant. As previously discussed, those arguments are without merit.

Defendant's complaint that Mr. Rhodes did not testify at the suppression hearing is unfounded since Defendant bore the burden of proving the invalidity of the search warrant. Defendant should have subpoenaed Mr. Rhodes to testify if he thought that Mr. Rhodes' testimony was relevant.

Additionally, Defendant's claim that the warrant failed to establish probable cause because there was no child pornography actually recovered from his cell phone is without merit. The test for probable cause only required Officer Martin, as the affiant, to establish facts that supported a reasonable belief that child pornography could be found on Defendant's phone. A search warrant application is not required to guarantee that evidence will be found.

Accordingly, Defendant's contention that the search warrant failed to establish probable cause is without merit.

5) *Good Faith Exception*

Defendant urges this court to find that the good faith exception established in *U.S. v. Leon*, 468 U.S. 897, 104 S.Ct. 3405 (1984), does not apply in the instant case. Defendant argues that suppression is still appropriate because the affidavit failed to establish probable cause, in that Officer Martin concealed the information regarding Defendant's contentious relationship with Mr. Rhodes and because Judge O'Neal abandoned her role as a neutral and detached magistrate by signing the search warrant.

However, there is no need to address Defendant's arguments about the good faith exception because Defendant's other claims are without merit.

**CONCLUSION**

Defendant's conviction is affirmed. We remand the matter to the trial court with instructions to correct the sentencing minutes to delete the provision referencing the sum of $300.00.

**AFFIRMED AND REMANDED WITH INTRUCTIONS.**